IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| JOHN CURTIS DEWBERRY | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:05cv440 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner John Curtis Dewberry, an inmate confined at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be denied and dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections are without merit and should be overruled.

Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Particularly, when a petitioner brings an ineffective assistance claim under the AEDPA, the relevant question is whether the state court's application of the deferential *Strickland* standard was unreasonable. *See Beatty v. Stephens*, 759 F.3d 455, 463 (5th Cir. 2014). "Both the

1

*Strickland* standard and AEDPA standard are 'highly deferential,' and 'when the two apply in tandem, review is doubly so.'" *Id.* (quoting *Harrington*, 562 U.S. at 105). Petitioner has failed to satisfy his burden.

Petitioner also requests an evidentiary hearing under *Martinez v. Ryan*, 566 U.S. 1 (2012). However, petitioner raised his underlying substantive claims in his first state application for writ of habeas corpus. *See* SHCR, Doc. 53-4 at 8-14. The Texas Court of Criminal Appeals denied petitioner's state application without written order. This is a determination on the merits. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W. 2d 469, 472 (Tex. Crim. App. 1997). Therefore, those claims were not procedurally defaulted. Federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Further, under *Cullen v. Pinholster*, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Additionally, the highest state court found counsel did not provide ineffective assistance. As noted in the Report, the holdings in *Martinez* and *Trevino v. Thaler*, 569 U.S. 413 (2013), do not furnish a federal habeas petitioner a vehicle for obtaining *de novo* federal habeas review of substantive constitutional claims which the petitioner litigated unsuccessfully in a state habeas corpus proceeding but now wishes to relitigate with new evidence and different counsel. *See* Report, Doc. 61 at n.1. Petitioner has failed to show either deficient performance or prejudice related to his claims against counsel. Further, petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's claims should be denied.

Next, to the extent any of petitioner's claims were procedurally defaulted, petitioner has failed to show either cause or prejudice. Petitioner's procedurally defaulted claims were not

substantial claims. A "substantial" claim is one that the petitioner demonstrates has "some merit." *Martinez*, 566 U.S. at 14; *Ibarra v. Davis,* 738 F. App'x 814, 817 (5th Cir. 2018). A claim of ineffective assistance of counsel can be insubstantial if "it is does not have any merit or that it is wholly without factual support," or if "the attorney in the initial-review collateral proceeding did not perform below constitutional standards." *Martinez*, 566 U.S. at 16. Petitioner's claims are without factual support of valid underlying claims showing petitioner was entitled to a favorable ruling, and the claims were not substantial claims of ineffective assistance of trial counsel.

Moreover, petitioner has not shown sufficient prejudice to overcome any procedural default. *See Ibarra*, 738 F. App'x at 817. A petitioner has an affirmative burden to prove prejudice. *Strickland*, 466 U.S. at 693. To prove prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*. It is insufficient for a defendant to show that the error had some conceivable effect on the outcome of the proceeding. *Id.* at 693. Petitioner has failed to show a reasonable probability the result of the proceeding would have been different but for counsel's alleged errors. A conceivable effect is not enough. Petitioner has failed to satisfy his standard of proof.

Finally, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to

proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this the 24 day of **June, 2021.**

_____
Thad Heartfield
United States District Judge